IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:09CR29 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | TENTATIVE FINDINGS |
| | ) | |
| DANIEL JOHNSON, | ) | |
| | ) | |
| Defendant. | ) | |

The Court has received the Revised Presentence Investigation Report ("PSR") and the parties' objections thereto (Filing Nos. 52, 54, and 55). *See* Order on Sentencing Schedule, ¶ 6. The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 543 U.S. 220 (2005), the sentencing guidelines are advisory.

*Government's Objections*

The government objects to the drug quantity and base offense level 34 in ¶ 25 of the PSR. The plea agreement recommends that the drug quantity for which the Defendant is responsible be determined as at least 50 but less than 150 grams of actual methamphetamine, resulting in base offense level 32. The Court's tentative findings are that, absent unusual circumstances, the plea agreement should be upheld and the base offense level should be calculated as level 32.

*Defendant's Objections*

The Defendant's objection arguing that the identifying data should be revised to indicate that he has no dependents is denied as moot.

The Defendant's objection to the base offense level is granted as stated in the section above regarding the government's objection.

The Defendant's objection to the enhancement under U.S.S.G. § 2D1.1(b)(10)(A) in ¶ 26 will be heard at sentencing. The burden is on the government by a preponderance of the evidence.

IT IS ORDERED:

1. The government's objections to the PSR (Filing No. 55) are granted;

2. With respect to the Defendant's objections (Filing No. 54):

    a. the objection to the identifying data is denied as moot;

    b. the objection to ¶ 25 (base offense level) is granted;

    c. the objection to ¶ 26 will be heard at sentencing;

3. If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

4. Absent submission of the information required by paragraph 3 of this Order, my tentative findings may become final; and

5. Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

DATED this 4th day of August, 2009.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge